U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 2 2 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-125-A |
| | § | (NO. 4:09-CR-133-A) |
| | § | |
| ALFREDO MEDINA | § | |

### MEMORANDUM OPINION
### and
### ORDER

Came on to be considered the motion of movant, Alfredo Medina, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a traverse to the government's response. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

### Background

On December 23, 2009, movant pleaded guilty to one count of distribution of more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On April 9, 2010, the court sentenced movant to 480 months' incarceration with the Bureau of Prisons, followed by a five-year term of supervised release. On July 8, 2011, the United States Court of

Appeals for the Fifth Circuit affirmed movant's sentence. <u>United States v. Medina</u>, 432 F. App'x 349 (5th Cir. 2011). Movant did not seek certiorari review.

## II.

### Grounds of the Motion

Movant's first ground for relief alleged that "his Constitutional Rights under the 5th Amendment were completely violated by the 5th Circuit Court of Appeal under the U.S. Supreme Court established law" in <u>Faretta v. California</u>, 422 U.S. 806 (1975). Mot. at 5. Although not clearly articulated, for the second ground movant appears to contend that his guilty plea was not knowing and voluntary because he should have been allowed to plead guilty to the offense but have the jury determine the quantity of drugs he was responsible for selling, and that Steven Bush ("Bush"), movant's counsel, was ineffective for failing to inform movant that he could do so. As his third ground movant alleged that Bush was ineffective during his "Colloquy, Sentencing, and Appeal rights." Mot. at 8.

In a memorandum of law submitted in conjunction with the motion movant set forth the factual basis of his first ground for relief. Bush appealed movant's sentence to the Fifth Circuit and filed an appellate brief on movant's behalf. After response and

reply briefs were filed, but before the Fifth Circuit ruled on the appeal, movant filed a motion asking that his appellate counsel be withdrawn and either new counsel be appointed or that movant be allowed to represent himself. The Fifth Circuit initially denied movant's motion, but following movant's motion for reconsideration, granted the motion allowing movant to appear pro se. Nevertheless, the Fifth Circuit denied movant's appeal based on the brief filed by Bush. Movant now apparently contends that the Fifth Circuit violated Faretta because it failed to make any inquiry to ensure that he knowingly and voluntarily waived his right to appellate counsel or that he was aware of the dangers and disadvantages of representing himself. Movant also appears to complain that the Fifth Circuit violated his constitutional rights because it granted his motion to represent himself yet decided his appeal on the basis of briefing filed by his discharged attorney.

No additional factual allegations were alleged in support of the second and third grounds of the motion.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

A. <u>First Ground for Relief</u>

The court need not dwell long on movant's first ground for relief. Whatever errors movant believes the Fifth Circuit made in the handling of his appeal or in discharging Bush, this court has no jurisdiction to correct those perceived errors or otherwise grant movant relief on that basis.

4

B.  <u>Second Ground for Relief</u>

Movant's second claim also fails, as he had no right to plead guilty but also have the jury determine the quantity of drugs for which he was responsible. Instead, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005).

To prevail on his claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. <u>Id.</u> at 687, 697.

Movant's claim that Bush was ineffective for failing to ensure that the jury determined the drug quantity following his guilty plea is meritless. Bush was not deficient for failing to

5

pursue a frivolous course of action such as that described by movant. <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990).

Movant's claim that his guilty plea was unknowing and involuntary fares no better, as the record fails to support such a contention. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." <u>Id.</u> (internal citations omitted).

The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. <u>DeVille v. Whitley</u>, 21 F.3d 654, 659 (5th Cir. 1994).

6

At movant's rearraignment, the court explained that in federal court, "the Judge determines the penalty if a defendant is convicted" either by jury trial or guilty plea, and admonished movant not to "depend or rely upon any statement or promise by anyone" as to the potential sentence. Rearraignment Tr. at 12-13. The court admonished movant as to the rights he waived by pleading guilty, id. at 11, and explained that the court: was required to consider the applicable sentencing guidelines but could also depart from the guidelines under some circumstances; was not bound by any stipulated facts between movant and the government; and, could impose punishment that might disregard any stipulated facts or take other, unstipulated facts into account. Id. at 16.

The court also informed movant of the nature of the charges against him, and explained how it determined movant's applicable guideline range and read the possible penalties to which movant could be subjected. Id. at 37-40. Of significance here, the court described the purpose and preparation of the presentence report and informed movant that it relied heavily on the information therein in determining the sentence to impose. Id. at 18. Movant testified throughout his rearraignment hearing that he understood everything the court explained to him. Id. at

7

11, 14-15, 19, 41.

After considering all of the aforementioned testimony, the court expressly found movant's plea to be knowing and voluntary. Id. at 41. Under these facts, it is clear that movant knew the consequences of his plea as contemplated by the Fifth Circuit, and the court cannot now conclude that movant's plea was anything other than knowing and voluntary.

C.  Third Ground for Relief

Movant's third ground for relief alleged only that "his attorney during every stages of this criminal proceedings has been and was completely ineffective." Mot. at 8 (errors in original). No facts are alleged to support this contention. It is well-settled that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

V.

ORDER

Therefore,

The court ORDERS that the motion of Alfredo Medina to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 22, 2012.

/s/ John McBryde
JOHN McBRYDE
United States District Judge